# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VAFA SHAMSAI-NEJAD,     )
                      )
        Plaintiff,     )    Case No. 2:12-cv-0425-GMN-CWH
                      )
vs.                   )    **ORDER**
                      )
AT&T, *et al*.,        )    Application to Proceed *In Forma*
                      )    *Pauperis* (#1) and Screening of
        Defendants.     )    Complaint
_____)

      This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on March 14, 2012.

**I.**   *In Forma Pauperis* **Application**

      Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.**   **Screening the Complaint**

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

### A.      Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  Here, Plaintiff does not specifically allege a violation of "the Constitution, laws, or treaties of the United States" and, therefore, the Court finds there is no

1  jurisdiction based on a federal question.

2        **B.**     **Diversity Jurisdiction**

3       Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil

4  actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"

5  and where the matter is between "citizens of different states."  According to Plaintiff's

6  complaint, both here and the named Defendants are citizens of Nevada.  Therefore the Court

7  finds that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. §

8  1332.

9        **C.**     **Failure to State a Claim**

10       As previously noted, a properly pled complaint must provide a short and plain statement

11  of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  This requires

12  "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of

13  action."  *Iqbal*, 556 U.S. at 678.  The court must accept as true all well-pled factual allegations

14  contained in the complaint. *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of

15  action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  To state a claim for

16  relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is

17  plausible on its face.'" *Id*.

18       Here, Plaintiff alleges that Defendants have caused her mental injury by violating her

19  privacy "thru [sp] internet and cell phone."  There is no factual support for her allegations.

20  Indeed, she has not pled <u>any</u> facts in her complaint.  Because Plaintiff has not provided any

21  factual support for her claims, the complaint must be dismissed.  The dismissal will be without

22  prejudice to Plaintiff amending her complaint to include sufficient factual allegations to support

23  her claims.

24       Based on the foregoing and good cause appearing therefore,

25       **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is

26  **granted**.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars

27  ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of

28  prepayment of any additional fees or costs or the giving of a security therefor.  This Order

granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies.   Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 6th day of August, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

4